**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALISSA AUSTIN,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 16-1462 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal filed by Malissa S. Austin ("Plaintiff") seeking review of Administrative Law Judge Hilton R. Miller's (the "ALJ" or "ALJ Miller") decision denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth below, the Court vacates ALJ Miller's decision and remands the case for further proceedings consistent with this Opinion.

**I.  BACKGROUND**

On August 3, 2011, Plaintiff filed an application for SSI, alleging disability beginning December 15, 2010. (D.E. No. 6, Administrative Record ("Tr.") at 14). The claim was denied initially on January 3, 2012 and again upon reconsideration on April 10, 2012. (*Id.*). Plaintiff subsequently filed a written request for a hearing on April 19, 2012. (*Id.*). Plaintiff's request was granted, and Plaintiff appeared and testified at a hearing held on October 25, 2012. (*Id.*).

At the hearing, Plaintiff reiterated her claims of a disability due to obesity, knee and back pain, asthma, vertigo, anxiety, depression, multiple sclerosis, and a gastric bypass surgery. (*Id.* at

1

39-41). Plaintiff also complained of difficulty getting out of bed and inability to walk and sit for long periods of time. (*Id.* at 40-41). Plaintiff's medical history indicates that she suffered from (among other things) cervical radiculitis, lumbar degenerative disk disease, and bilateral knee osteoarthritis. (*Id.* at 21, 23).

On January 22, 2013, ALJ Miller denied Plaintiff's application, finding Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms [] not entirely credible." (*Id.* at 19). ALJ Miller assigned little overall weight to the opinion of Dr. Hilary Kern (who recommended limiting Plaintiff's ambulation as tolerated to one-to-two blocks with the use of the cane as needed) because Plaintiff had made inconsistent statements during the examination. (*Id.* at 21, 23). The ALJ noted that shortly after the examination by Dr. Kern, Plaintiff's primary care doctor noted that Plaintiff was not using an assistive device. (*Id.* at 23). The ALJ also assigned little weight to the opinion of Dr. Perez (who stated that Plaintiff's pain was so severe that she was unable to get out of bed and ambulate for over a month) as the doctor did not provide any functional limitations and the opinion did not support a disabling limitation for a continuous period of twelve months or longer. (*Id.* at 23). On January 29, 2013, Plaintiff requested an Appeals Council review, which was denied on March 28, 2014. (*Id.* at 1, 5). On April 16, 2014, Plaintiff appealed the Commissioner's decision by filing a Complaint with this Court. (*Id.* at 780).

On March 18, 2015, this Court remanded the matter and ordered the ALJ to:

- more fully articulate Dr. Kern's November 27, 2012 assessment finding that Plaintiff could not sit, stand, and /or walk for a total of eight hours in a workday and state whether he accepted Dr. Kern's physical and, if not, the amount of weight he assigned to it and reasons why;

- explicitly consider the January 14, 2013 Report of Contact form where Plaintiff stated she would be undergoing a total knee replacement of her left knee on February 12, 2013; and

- re-determine the credibility of Plaintiff's statements of pain and other symptoms in light of the medical evidence. (*Id.* at 785).

On remand, ALJ Miller held a de novo hearing on November 3, 2015. (*Id.* at 708). At the hearing, Plaintiff's representative noted that Plaintiff had filed a new application for benefits in March 2014 and was awarded benefits with an established onset date of March 29, 2014. Therefore, the decision addressed the period of December 15, 2010 through March 28, 2014. (*Id.* at 708). On December 2, 2015, ALJ Miller determined that Plaintiff was not disabled. (*Id.* at 718).

On March 15, 2016, Plaintiff appealed the Commissioner's decision by filing a Complaint with this Court. (*See* D.E. No. 1). The Court received the administrative record on September 8, 2016. (*Id.* at 1). The parties briefed the issues raised by Plaintiff's appeal. (*See* D.E. No. 11 ("Pl. Mov. Br."); D.E. No. 12 ("Def. Opp. Br.")). The matter is now ripe for resolution.

## II. LEGAL STANDARD

### A. Standard for Awarding Benefits

To be eligible for SSI under Title XVI of the Act, a claimant must establish that he or she is disabled as defined by the Act. *See* 42 U.S.C. § 1382 (Title XVI). Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). The individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

The Act has established a five-step sequential evaluation process to determine whether a plaintiff is disabled. 20 C.F.R. § 404.1520(a)(4). If at any point in the sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the inquiry ends. *Id.* The burden rests on the claimant to prove steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).[1] At step five, the burden shifts to the Commissioner. *Id.*

***Step One.*** At step one, the claimant must demonstrate that she is not engaging in any substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Substantial gainful activity is defined as significant physical or mental activities that are usually done for pay or profit. *Id.* §§ 416.972(a), (b). If an individual engages in substantial gainful activity, she is not disabled under the regulation, regardless of the severity of her impairment or other factors such as age, education, and work experience. *Id.* § 404.1520(b). If the claimant demonstrates she is not engaging in substantial gainful activity, the analysis proceeds to the second step.

***Step Two.*** At step two, the claimant must demonstrate that her medically determinable impairment or the combination of impairments is "severe." *Id.* § 404.1520(a)(4)(ii). A "severe" impairment significantly limits a plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Slight abnormalities or minimal effects on an individual's ability to work do not satisfy this threshold. *See Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010). If the claimant does not have a severe medically determinable impairment of combinations of impairments, she is deemed not disabled. Otherwise, the analysis proceeds to the third step.

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

***Step Three.*** At step three, the ALJ must assess the medical evidence and determine whether the claimant's impairment or combination of impairments meet or medically equal an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Upon a finding that the claimant meets or medically equals a listing, the claimant is presumed to be disabled and is automatically entitled to benefits. *Id.* § 416.920(d).

When evaluating medical evidence in step three, an ALJ must give controlling weight to, and adopt the medical opinion of, a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record." *Id.* §§ 404.1527(c)(2), 416.927(c)(2). Not inconsistent does not mean that the opinion must "be supported directly by all of the other evidence [i.e., it does not have to be consistent with all the other evidence] as long as there is no other substantial evidence that contradicts or conflicts with the opinion." *Williams v. Barnhart*, 211 F. App'x 101, 103 (3d Cir. 2006). Even where the treating physician's opinion is not required to be given controlling weight, the opinion is not necessarily rejected and may still be entitled to deference "depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). If there is conflicting medical evidence, "the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Id.*

***Step Four.*** If a claimant is not found to be disabled at step three, the analysis continues to step four, in which the ALJ determines whether the claimant has the residual functional capacity

("RFC") to perform her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant lacks the RFC to perform any work she has done in the past, the analysis proceeds.

***Step Five.*** In the final step, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on her RFC and vocational factors. *Id.* § 404.1520(a)(4)(v).

### B. Standard of Review

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. § 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. Thus, this Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Regarding the ALJ's assessment of the record, the Third Circuit has stated, "[a]lthough the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec.*, 220

6

F.3d 112, 121 (3d Cir. 2000). The Third Circuit noted, however, that "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of *Burnett* is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

## III. ALJ MILLER'S DECISION

ALJ Miller applied the five-step sequential evaluation process mentioned above and determined that Plaintiff was not disabled under the Act. (Tr. at 718).

At step one, ALJ Miller determined that Plaintiff had not engaged in substantial gainful employment ("SGA") since August 3, 2011, the date of Plaintiff's application. (*Id.* at 710).

At step two, the ALJ determined that Plaintiff suffered from multiple severe impairments: obesity, bilateral degenerative joint disease of the knees, asthma, degenerative disc disease of the cervical and lumbar spine, mild bilateral carpal tunnel syndrome, and affective disorder. (*Id.*). These impairments were found to "result in limitations that significantly affect the claimant's ability to perform basic work activities." (*Id.*).

At step three, ALJ Miller found that Plaintiff did not have an "impairment or combination of impairments that m[et] or medically equal[ed] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.* at 711). The ALJ considered Listing 1.04 where a claimant must establish either a disorder of the spine resulting in compromise of the nerve root with loss of spinal motion, spinal stenosis, or inability to ambulate effectively. (*Id.*). The ALJ found that Plaintiff's back disorder did not meet the criteria as "none of the medical records establishe[d] findings or symptoms severe enough to qualify under listing 1.04." (*Id.*).

7

Next, the ALJ considered Listing 1.02, finding that Plaintiff's knee impairment did not meet the severity of this listing as she did "not suffer from chronic joint paint and stiffness with signs of limitation on motion or other abnormal motion of the knee" and did not have any "involvement of a major peripheral weight-bearing joint resulting in inability to ambulate effectively." (*Id.*).

The ALJ also found that Plaintiff's carpal tunnel syndrome did not meet the criteria under 1.02 (B) by determining that she is "able to perform fine and gross movements effectively." (*Id.*). The ALJ determined that Plaintiff's asthma did not meet criteria of listing 3.03 as the evidence in the record did not indicate she suffered from "chronic asthmatic bronchitis or asthma attacks occurring at least once every 2 months or at least six times a year." (*Id.*).

Finally, the ALJ found that Plaintiff's mental impairment did not meet the criteria of listing 12.04 B nor C, as the impairment did not cause two marked limitations or one marked limitation and repeated episodes of decompensation of extended duration. (*Id.* at 71-712).

At step four, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. 416.967(a). (*Id.* at 713). The RFC specified several limitations, such as the ability to occasionally climb ramps and stairs; the inability to climb ladders or ropes; the ability to occasionally balance, kneel, crouch, and squat; the ability to frequently reach; the inability to perform manipulation utilizing the bilateral lower extremities such as foot controls or foot pedals; the need to avoid all hazards such as dangerous machinery; the need to avoid concentrated exposure to odors; and the ability to perform only simple, routine and repetitive tasks. (*Id.*).

At step five, the ALJ concluded that, based on Plaintiff's RFC and the testimony of the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including order clerk, addresser, and sorter. (*Id.* at 717). Accordingly,

ALJ Miller found that Plaintiff was not disabled, as defined in the Act, and Plaintiff was therefore ineligible for disability benefits. (*Id.* at 717-18).

## IV. DISCUSSION

On appeal, "Plaintiff argues that the substantial evidence in the administrative record establishes entitlement and eligibility for and to" disability benefits. (Pl. Mov. Br. at 9-10). Plaintiff appeals ALJ Miller's determinations on steps three, four and five. (*Id.* at 20-37). Specifically, Plaintiff contends (among other things) that (i) the ALJ failed to consider Plaintiff's impairments in combination as required by step three (*id.* at 20-26); (ii) the ALJ's RFC determination was based on "convenience and not evidence" (*id.* at 26-31) and (iii) "the decisional pain evaluation repeats the same boiler plated, evidence free conclusions rejected by the District Court remand order" (*id.* at 31-37). Plaintiff asks the Court to reverse the Commissioner's final administrative decision and order the payment of benefits. (*Id.* at 10). Alternatively, Plaintiff asks the Court to remand this case to the Commissioner for a new hearing and a new decision. (*Id.*).

### A. The ALJ Failed to Consider Plaintiff's Impairments in Combination

Plaintiff argues that in step three of the evaluation, ALJ Miller failed to combine any of the orthopedic and neurological impairments; articulate any discussion on medical equivalence and "never again mention[]" obesity after listing it as a severe impairment in step two. (*Id.* at 26).

Defendant responds that "the ALJ specifically stated that he considered Plaintiff's impairments and noted that they did not, singly or in combination, meet or medically equal the regulatory requirements of any listing [and] identified the relevant listings and explained why Plaintiff did not satisfy the criteria of those listings. (Def. Opp. Br. at 19). Defendant acknowledges that if the ALJ finds obesity as a severe impairment under step two, the ALJ must "meaningfully consider" it at the remaining steps. (*Id.* at 21). However, Defendant contends that

the ALJ sufficiently discussed obesity's combined effect in step three when he considered Sections 1.02 (Major Dysfunction of a Joint(s)) and 1.04. (*Id.* at 21). Defendant also argues that the ALJ considered the opinion of Dr. Kendrick, who considered Plaintiff's obesity. (*Id.* at 22).

At step three, the ALJ must consider the medical severity of the claimant's impairment(s) and whether the impairment(s) "meets or equals one of [the] listings in Appendix 1" of 20 C.F.R. Part 404, Subpart P. *See* 20 C.F.R. § 404.1520(a)(4)(iii). Although the claimant bears the burden of proving that his impairments meet those listed in Appendix 1, if a claimant's impairments do not meet the requirements of any listing, the ALJ is required to determine whether the combination of impairments is medically equal to any listed impairment. *Torres v. Comm'r of Soc. Sec.*, 279 F. App'x 149, 151-52 (3d Cir. 2008) (citing *Burnett*, 220 F.3d at 120 n.2; 20 C.F.R. § 404.1526(b)). Further, the ALJ must set forth the reasons for his decision. *Burnett,* 220 F.3d at 119. Conclusory statements have been found to be "beyond meaningful judicial review." *Id.*

Here, the ALJ states—without discussion or analysis—that the "claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Tr. at 711). The analysis is conclusory and inadequate. The ALJ must set forth the reasons for his decision. *Burnett*, 220 F.3d at 119. As Plaintiff points out, the "ALJ must combine all severe impairments and compare the joint effect of all impairments against one of the Commissioner's Listings to determine medical equivalence." (Pl. Mov. Br. at 22). Conclusory statements, like the one in this case, are "beyond meaningful judicial review." *Burnett*, 220 F.3d at 119 (stating that an ALJ's "conclusory" one-sentence step-three analysis was "beyond meaningful judicial review"). Although the ALJ explains why Plaintiff's impairments do not meet the Appendix 1 listings individually, he does not provide any analysis or explanation as to why

Plaintiff's impairments—in combination—do not meet or equal an Appendix 1 listing. As in *Torres*, the ALJ here failed at step three by not considering Plaintiff's impairments in combination.

Moreover, an ALJ must properly consider the effects of obesity in his combination analysis. In *Diaz v. Commissioner of Social Security*, the Third Circuit, citing SSR 02-1p, 2002 SSR LEXIS 1, held that "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and every subsequent step." 577 F.3d 500, 504 (3d Cir. 2009). Meaningful consideration demands that an ALJ "clearly set forth the reasons for his decision." *Id.* (citing *Burnett*, 220 F.3d at 199). Under *Burnett*, an ALJ is not required "to use particular language or adhere to a particular format in conducting his analysis." *Jones*, 364 F.3d at 505. However, there must be "sufficient development of the record and explanation of findings to permit meaningful review." *Id.*

Here, the ALJ failed to meaningfully consider the effects of obesity individually or in combination with Plaintiff's other impairments. To start, the ALJ failed to perform a combination analysis in general. As stated above, the ALJ only discussed the impairments individually as to why they did not meet a SSA listing. But there is no explanation for why the impairments in combination fail to meet a listing. In fact, the ALJ fails to mention obesity at any point after step two, where he found it to be a severe impairment. Absent an analysis of the cumulative impact of a claimant's obesity coupled with her other impairments, "we are at a loss in our reviewing function." *Diaz*, 577 F.3d at 504. The Court is unpersuaded by Defendant's argument that the ALJ considered obesity in the Section 1.02 and 1.04 individual analyses, as these listings were analyzed specifically within the context of Plaintiff's back disorder and knee impairments and obesity was not discussed either implicitly or explicitly. Likewise, contrary to Defendant's suggestion, the ALJ did not mention Dr. Kendrick's reference to obesity in his decision.

Accordingly, the Court remands this case so that the ALJ can complete his step-three analysis. In doing so, the ALJ should address the combined effects of Plaintiff's individual impairments and detail whether the combination of all of Plaintiff's impairments is equivalent in severity to a listed impairment. Pending the outcome of the combination analysis at step three, the ALJ should reconsider his determinations at steps four and five.[2]

## V. CONCLUSION

For the foregoing reasons, the Court hereby vacates ALJ Miller's decision and remands the case for further proceedings consistent with this Opinion. An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[2] Because the Court finds that the ALJ failed to consider Plaintiff's impairments in combination as required by step three, the Court need not address Plaintiff's remaining arguments, namely that the ALJ's RFC determination was based on "convenience and not evidence" and "the decisional pain evaluation repeats the same boiler plated, evidence free conclusions rejected by the District Court remand order" (*see* Pl. Mov. Br. at 26-37).